| | |
|---|---|
| JEREMIAH DESHAUN ST CHARLES HILL,<br><br>Plaintiff,<br><br>v.<br><br>LAKEWOOD POLICE DEPARTMENT et al.,<br><br>Defendants. | CASE NO. C13-6022 RBL-JRC<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

The Court orders that plaintiff file an amended complaint because plaintiff's original complaint contains a number of defects. Plaintiff names the Lakewood Police Department as the sole defendant in his complaint (ECF No. 1). Plaintiff names the Chief of Police of the Lakewood Police Department, Chief Farrar, as the sole defendant in his motion to proceed in forma pauperis. Plaintiff will need to clarify who are defendants in this action.

ORDER TO FILE AN AMENDED COMPLAINT - 1

Further, Plaintiff's complaint contains very scant operative facts (ECF No. 1). Plaintiff states he has been charged with murder in the first degree and he states he was on Utube, Facebook, a number of Television Stations, and that there were newspaper articles (*id.*). Plaintiff uses the term "defamation," but he provides no details linking any defendant with his appearance in the media.

To state a claim under 42 U.S.C. § 1983, at least three elements must be met: (1) defendant must be a person acting under the color of state law; and (2) the person's conduct must have deprived plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986)P; and (3) causation *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), cert. denied, 449 U.S. 875, (1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. That plaintiff may have suffered harm, even if due to another's negligent conduct does not in itself necessarily demonstrate an abridgment of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Plaintiff names the Lakewood Police Department as a defendant. The Court views this as an attempt to sue the municipality of Lakewood. In order to set forth a claim against a municipality under § 1983, a plaintiff must show that defendant's employees or agents acted through an official custom, pattern, or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department*

*of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694).

A municipality will not be liable for acts of negligence by employees or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Plaintiff uses the term defamation in his complaint (ECF No. 1). Defamation is a common law tort concept and not a constitutional violation in and of itself. "There are two ways to state a cognizable § 1983 claim for defamation-plus: (1) allege that the injury to reputation was inflicted in connection with a federally protected right; or (2) allege that the injury to reputation caused the denial of a federally protected right." *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d, 636, 645 (9th Cir. 1999).

1      The Court orders that plaintiff submit an amended complaint curing the defects in his original filing if possible. The Court orders that the amended complaint will act as a complete substitute for the original and not as a supplement. Plaintiff must file his amended complaint on or before January 30, 2014 or the Court will issue a Report and Recommendation that this action be dismissed for failure to state a claim and failure to comply with a Court order.

Dated this 30th day of December, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 4